UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HECTOR M. CARDONA,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>TIMOTHY WENGLER,<br>IDAHO ATTORNEY GENERAL<br>LAWRENCE G. WASDEN,<br><br>　　　　　　　Respondents. | Case No. 1:11-cv-00651-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

　　　Before the Court in this habeas corpus matter is Respondents' Motion for Summary Dismissal. (Dkt. 12.) To avoid delay, the Court will decide this matter on the briefs and record without oral argument. D. Idaho L. Civ. R. 7.1.

　　　After considering the parties' arguments, the Court will grant Respondents' Motion, and the Petition will be dismissed as untimely.

## BACKGROUND

　　　Hector Cardona ("Petitioner") pled guilty in state district court to one count of trafficking in a controlled substance, and he was sentenced to life in prison with the first seven years fixed. (Petition, Dkt. 3, p. 1.) Judgment was entered on January 7, 2009, and Petitioner did not file a direct appeal. (*Id*. at 2.)

Over a year later, on February 18, 2010, Petitioner submitted an application for post-conviction relief in the state district court, alleging that his sentence was excessive and that he had been deprived of his constitutional right to the effective assistance of trial counsel on several grounds.[1] (State's Lodging A-1, pp. 2-7.) The district court dismissed the application summarily, the Idaho Court of Appeals affirmed, and the Idaho Supreme Court declined to review the case. (State's Lodging A-1, p. 35; State's Lodgings B-4, B-7.) The Remittitur was issued on December 9, 2011. (State's Lodging B-8.)

On December 21, 2011, Petitioner lodged a Petition for Writ of Habeas Corpus with this Court (filing date per the "mailbox rule"). (Dkt. 1, p. 8.) In his Petition, he claims that his Sixth Amendment right to the effective assistance of counsel was violated because his trial counsel (a) erroneously informed him that he would receive no more than 15 years in prison if he pled guilty, and (b) failed to present relevant mitigating evidence at the sentencing hearing. (Dkt. 3, pp. 6-7.)

United States Magistrate Judge Ronald E. Bush conducted an initial review of the Petition and ordered the Clerk of Court to serve it on Respondents. (Dkt. 6.) Respondents have since filed a Motion for Summary Dismissal, contending that Petitioner filed his Petition after the expiration of the one-year statute of limitations for initiating habeas corpus actions. (Dkt. 12.) Petitioner has submitted an Objection to Respondents' Motion for Summary Dismissal (Dkt. 19), which the Court will deem timely filed.

---

[1] Petitioner is entitled to the benefit of the prison "mailbox rule," meaning that the state post-conviction petition is deemed to have been filed when Petitioner gave it to prison officials for mailing. *See, e.g., Noble v. Adams*, 676 F.3d 1180, 1182 (9th Cir. 2012).

**MEMORANDUM DECISION AND ORDER - 2**

The Court is now fully informed in these matters, and it is prepared to issue its ruling.

## STANDARD OF LAW

The Petition in this case is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Under AEDPA, a one-year period of limitation applies to an application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the date of one of four triggering events, as specified in 28 U.S.C. § 2244(d)(1)(A)-(D). The most common triggering event is the date upon which the judgment became final in state court, either after the direct appeal has concluded or after the time for seeking an appeal expired. 28 U.S.C. § 2244(d)(1)(A).

The statute provides tolling (suspending) of the one-year limitations period for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). This is known as "statutory tolling."

The limitations period may also be tolled for equitable reasons when extraordinary circumstances outside of the petitioner's control prevented him from filing on time (known as "equitable tolling"). *See, e.g., Shannon v. Newland*, 410 F.3d 1083, 1089-90 (9th Cir. 2005). A litigant seeking equitable tolling bears the burden of establishing (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010).

**MEMORANDUM DECISION AND ORDER - 3**

With these standards in mind, the Court turns to the arguments in the present case.

## DISCUSSION

The parties agree that Petitioner's judgment was entered in the state district court on January 7, 2009. Under Idaho law, Petitioner then had 42 days after judgment in which to file a direct appeal. *See* Idaho Appellate Rule 14. Petitioner did not file a direct appeal, and under ordinary circumstances the judgment would have become final at the end of the 42-day period, on February 18, 2009.

Respondents challenge that calculation, however. They assert that the judgment was final immediately after it was entered on January 9 because Petitioner waived his right to appeal as part of his plea agreement with the State. Respondents suggest that as a result of Petitioner's waiver, there was no possibility that the appellate process could even begin. The Court is not persuaded. Respondents have offered no authority, and the Court is unaware of none, to support their position that a defendant's waiver of appellate rights in a plea agreement automatically cuts off his or her ability to even *seek* appellate review within 42 days. The Court is instead persuaded by Petitioner's view, which is that "[i]f his waiver was proper, the appeal may not have been heard, but the waiver did not affect appellate timeliness." (Dkt. 19, p. 10 n.1.) Therefore, the judgment became final in this case 42 days after it was entered, on February 18, 2009, and AEDPA's one-year statute of limitations started to run the next day.[2]

---

[2] The Court agrees with Respondents, however, that Petitioner is not entitled to an additional 90 days of tolling based on the time to seek review in the United States Supreme Court because he did not file a direct appeal and there was no appellate decision over which to seek Supreme Court review.

**MEMORANDUM DECISION AND ORDER - 4**

The limitations period ran unabated until Petitioner filed his state petition for post-conviction relief on February 18, 2010. (State's Lodging A-1, p. 7.) The statute of limitations was then statutorily tolled during the time that the post-conviction action was pending in state court, until the Idaho Supreme Court issued its Remittitur on December 9, 2011.

At that point, 364 days of the federal limitations period had already expired, and Petitioner had, at best, one day in which to get to federal court. Instead, he waited almost another two weeks, until December 21, 2011, to place his Petition in the prison mail system. Unless he can establish equitable tolling, the Petition must be dismissed as untimely.

Equitable tolling is a narrow and demanding exception that requires a petitioner to bear the burden of showing that he has been pursuing his rights diligently but that some extraordinary circumstance beyond his control stood in his way. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (citation omitted). Petitioner has not carried that heavy burden here.

Petitioner claims that "the 'extraordinary circumstances' at issue involve an attorney's failure to satisfy professional standards of care." (Dkt. 19, p. 10.) Throughout

---

*Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007).

**MEMORANDUM DECISION AND ORDER - 5**

his argument, however, Petitioner mixes general allegations related to his *trial* counsel's supposed inattention and ineffectiveness during the plea and sentencing process with allegations of neglect by attorneys *after* he had been sentenced and judgment had been entered. The former allegations go to the merits of his claims and are not causally related to why Petitioner was unable to file his federal Petition on time. But the latter allegations implicate attorney mistakes in assisting Petitioner in getting to federal court, which, under very limited circumstances, can be a reason to equitably toll the limitations period.

Specifically, in *Holland v. Florida*, the United States Supreme Court recognized that "extraordinary" attorney misconduct in state and federal post-conviction matters may warrant equitable tolling. 130 S.Ct. 2549, 2564; *accord Spitsyn v. Moore*, 345 F.3d 796, 801 (9th Cir. 2003) (finding "sufficiently egregious" attorney misconduct to warrant tolling). While the Supreme Court did not set out a standard to assess what amounts to "extraordinary" misconduct, it noted the longstanding rule that garden variety negligence or excusable neglect, such as a miscalculated filing deadline, are not sufficient. *Id*. at 2564; *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (rejecting the petitioner's contention that "his counsel's mistake in calculating the limitations period entitle[d] him to equitable tolling.").

The facts in *Holland* illustrate the rule. There, an attorney, Collins, was appointed to represent a death-sentenced defendant in state and federal post-conviction matters. 130 S.Ct. at 2555. The petitioner alleged that Collins eventually failed to answer his letters or to otherwise communicate with him, and, despite his repeated urging, failed to calculate

**MEMORANDUM DECISION AND ORDER - 6**

the federal statute of limitations deadline or to file a timely petition. *Id*.

Recognizing that these facts likely went beyond ordinary negligence, the Supreme Court summed up the attorney's errors as follows:

> Collins failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

*Holland*, 130 S.Ct. at 2564. Essentially, Collins had abandoned his client during the very representation that he had been appointed to complete, and he presented an outside obstacle to the state prisoner filing his federal petition on time.

Here, in contrast to those facts, Petitioner asserts only vaguely that he was unable to get information about his case from the Canyon County Public Defender's Office, which had represented him during his plea and sentencing proceedings, after he had been sentenced and judgment was entered. It appears that Canyon County's contract for public defense services was awarded to a new firm during that time frame, resulting in a transition period, and that the attorneys with the original firm that had represented Petitioner may not have responded to his requests. (State's Lodging A-1, p. 3.) But unlike the attorney in *Holland*, the Canyon County Public Defender's Office did not continue to represent Petitioner in state post-conviction or federal habeas matters. Moreover, an

**MEMORANDUM DECISION AND ORDER - 7**

attorney with the new firm responded promptly to Petitioner's letter on January 20, 2010, and advised him to file his state post-conviction matter quickly because he likely had one year and 42 days from the entry of the January 7, 2009, entry of judgment to do so. (State's Lodging A-1, p. 9.) Petitioner followed that advice, and his post-conviction petition was timely.

      To the extent that any duty of professional representation remained to Petitioner after judgment was entered, Petitioner's allegations are more in line with garden variety attorney neglect or negligence rather than showing the type of extraordinary attorney misconduct that might warrant equitable tolling of the limitations period. That is, nothing that the Canyon County Public Defender's Office did or did not do, according to Petitioner's allegations, was so egregious that it could be said to have prevented him from filing a federal habeas petition on time. While Petitioner contends that his ability to obtain information from his legal file was thwarted, the factual information on which he has based his claims of ineffective assistance of trial counsel were well known to him and were offered in support of his post-conviction and, later, in support of his federal habeas action. In addition, ignorance or lack of knowledge of the legal system is not an extraordinary circumstance that would warrant equitable tolling. *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

**MEMORANDUM DECISION AND ORDER - 8**

For all of these reasons, the Court concludes that the Petition was filed after the statute of limitations expired. Accordingly, Respondents' Motion will be granted, and this case will be dismissed.

## CERTIFICATE OF APPEALABILITY

In the event Petitioner files a timely notice of appeal, the Court must on its own initiative evaluate this case for suitability of a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases.

A habeas petitioner cannot appeal unless a COA has issued. 28 U.S.C. § 2253. A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

This Court does not believe that reasonable jurists would debate its determination that the Petition in this case is untimely without a showing of equitable tolling. The Court will not issue a COA, though Petitioner is advised that he may still seek one in the Ninth Circuit Court of Appeals pursuant to Rule 22 of the Federal Rules of Appellate Procedure and Local Ninth Circuit Rule 22-1. To do so, he must first file a timely notice of appeal in this Court.

**MEMORANDUM DECISION AND ORDER - 9**

## ORDER

**IT IS ORDERED:**

1. Respondents' Motion for Summary Dismissal (Dkt. 12) is GRANTED.

2. The Petition for Writ of Habeas Corpus is DISMISSED.

3. A certificate of appealabilty will not issue in this case. If Petitioner files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.

DATED: **February 12, 2013**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 10**